UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Criminal No. 10-cr-47-JD
                                        Opinion No. 2010 DNH 142

Luckenson Dorceant

O R D E R

On April 7, 2010, a federal grand jury returned an indictment charging Luckenson Dorceant with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii), and conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(2)(B)(ii).  Dorceant moves to dismiss the indictment, alleging that it violates his rights under the Double Jeopardy Clause and that it is defective.  Dorceant also filed a notice of his objection to the venue.  The government objects to each of Dorceant's filings.


Discussion

I.   Double Jeopardy

Dorceant moves to dismiss the indictment on the ground that it violates his right under the Double Jeopardy Clause.  Specifically, he argues that the phrase "District of New

Hampshire and elsewhere" requires dismissal of the indictment. Dorceant further contends that he is suffering multiple punishments for the same offense.

The government states that it is unaware of any other jurisdiction that has prosecuted, or is currently prosecuting Dorceant for the acts covered by the indictment.  Furthermore, the government contends, jeopardy attaches when a jury is empaneled and sworn, and thus Dorceant's Double Jeopardy right has not been violated in this case.

"'In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn.'" United States v. Tobin, 552 F.3d 29, 32 (1st Cir. 2009) (citing Serfass v. United States, 420 U.S. 377, 388 (1975)).  At this time, no jury has been empaneled or sworn.  Thus, jeopardy has not attached, and dismissal of the indictment is not warranted.

II.  Defective Indictment

Dorceant also moves for dismissal of the indictment on the ground that it is insufficient to enable a jury to convict him for the death of Mally Rodriguez.  He alleges that each count's description of the offenses having occurred "in the District of New Hampshire and elsewhere" is confusing and is insufficient to inform Dorceant of the charges against him.

The government objects, arguing that the indictment clearly informs Dorceant of the charges against him.  The government also explains that the indictment charges Dorceant with conspiracy with intent to distribute cocaine, and that the use of that cocaine resulted in Rodriguez's death.  According to the government, identifying Rodriguez by name gives Dorceant sufficient notice of the charge against him.

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  United States v. Upton, 559 F.3d 3, 15 n.12 (1st Cir. 2009) (internal quotation marks, citation, and alteration omitted).  "'It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'"  United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974) (internal quotation marks omitted).

> Count One of the indictment alleges:
>
> From on or about November 19, 2008, and continuing through November 26, 2008, in the District of New Hampshire and elsewhere, the defendant, Luckenson Dorceant, did knowingly and willfully combine, conspire, and agree with persons known and unknown to the Grand Jury, to possess with the intent to distribute more than 500 grams of a Schedule II controlled substance, to wit, cocaine, the use of said cocaine resulting in the death of Mally Rodriguez. In violation of Title 21, United States Code, §§ 846, 841(a)(1), and 841(b)(1)(B)(ii).

Doc. no. 9, at 1. Section 841(a)(1) makes it unlawful "for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," and section 841(b)(1)(B)(ii) prescribes the penalty for a violation of subsection (a) involving "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine." Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Count One tracks the pertinent language of the statutes, identifies the time period during which the criminal activity allegedly occurred, and gives additional detail regarding the death resulting from the alleged conspiracy. Count One is sufficient.

> Count Two of the indictment alleges:
>
> From on or about November 19, 2008, and continuing through November 26, 2008, in the District of New Hampshire and elsewhere, the defendant, Luckenson Dorceant, did knowingly and willfully combine, conspire, and agree with persons known and unknown to the Grand Jury, to import into the United States from a place outside thereof, that is, the Dominican Republic, more than 500 grams of a Schedule II controlled substance, to wit, cocaine, the use of said cocaine resulting in the death of Mally Rodriguez.
> In violation of Title 21, United States Code, §§ 963, 952(a), 960(a)(1) and 960(b)(2)(B)(ii).

Doc. no. 9, at 1-2. Section 952(a) outlaws, with limited exceptions, the importation into the United States "from any place outside thereof[] any controlled substance in schedule I or II of subchapter I of this chapter."[1]  Section 960(a) provides that "[a]ny person who[,] contrary to section 952 . . . of this title, knowingly or intentionally imports or exports a controlled substance . . . shall be punished as provided in subsection (b) of this section."  Section 960(b)(2)(B)(ii), in turn, prescribes the statutory minimum and maximum penalties for a violation of subsection (a) involving "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine."  Section 963 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject

---

[1]Schedule II appears at 21 U.S.C. § 812(c) and includes cocaine.

5

to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Count Two tracks the pertinent language of the statutes, identifies the time period during which the criminal activity allegedly occurred, provides the country from which the cocaine was imported, and gives additional detail regarding the death resulting from the alleged conspiracy. Count Two is sufficient.[2] Because both counts of the indictment are sufficient, the indictment will not be dismissed on this ground.

III. Venue

Dorceant filed a notice that he objects to the current venue, the United States District Court for the District of New Hampshire. He requests that the record reflect that he does not waive his objection to any defects in venue apparent from the face of the indictment.

Construing Dorceant's notice as a motion, the government argues that venue is proper in this court because the evidence at trial will show that Dorceant and others conspired to possess cocaine with intent to distribute, and that in furtherance of

---

[2]To the extent Dorceant intended to argue that the indictment is insufficient to support a homicide conviction for Rodriguez's death, Dorceant is not charged with homicide.

that conspiracy, Dorceant and others arranged for cocaine to be imported into the United States. The government states that its evidence will show that, in order to import the cocaine, Dorceant had women ingest "fingers" of the drug, and that the women then came to New Hampshire, where one of them died from acute cocaine intoxication after one of the "fingers" burst inside her.

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States . . . committed in more than one district[] may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). "[V]enue in a conspiracy case depends upon whether an overt act in furtherance of the alleged conspiracy occurred in the trial district." United States v. Josleyn, 99 F.3d 1182, 1191 (1st Cir. 1996). "The defendant need not have been physically present in the trial district during the conspiracy." Id.

The government must establish, by a preponderance of the evidence, that the venue is proper. United States v. Scott, 270 F.3d 30, 34 (1st Cir. 2001). "When a defendant moves to dismiss an indictment prior to his or her trial, the court will accept as true all of the factual allegations set forth in the indictment." United States v. Kaluanya, Criminal No. 09-cr-107-SM, 2009 WL 3255211, at *1 (D.N.H. Oct. 7, 2009) (citing United States v.

Jensen, 93 F.3d 667, 669 (9th Cir. 1996), United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985), United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975)).

The indictment alleges that, "in the District of New Hampshire and elsewhere, . . . Dorceant[] did knowingly and willfuly combine, conspire, and agree . . . to possess with the intent to distribute . . . cocaine." The indictment also alleges that Dorceant knowingly and willfully conspired, in the District of New Hampshire and elsewhere, to import cocaine into the United States. On its face, the indictment establishes that venue is proper in the District of New Hampshire. To the extent Dorceant intended to move for a change of venue or other relief based upon his contention that venue is improper, the motion is denied.

## Conclusion

For the foregoing reasons, Dorceant's motions to dismiss (doc. nos. 25 and 26) are denied. To the extent Dorceant

intended his notice of his objection to the current venue (doc. no. 27) to be a motion, it is denied.

    SO ORDERED.

                                          Joseph A. DiClerico, Jr.
                                          United States District Judge

August 9, 2010

cc:   Donald A. Feith, Esquire
     James D. Gleason, Esquire
     Debra M. Walsh, Esquire