UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                 Criminal No. 10-cr-047-JD
                                                    Opinion No. 2020 DNH 191

Luckenson Dorceant

O R D E R

Luckenson Dorceant moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), to have his sentence reduced to time served based on the combined effect of his medical conditions and the risks presented by the COVID-19 pandemic.[1]  The government objects to the requested relief.  United States Probation and Pretrial Services has filed a report and recommendation.

Counsel on Dorceant's behalf requested a hearing on the motions.  Under the local rules of this district, motions are decided without oral argument unless a party provides a written statement "outlining the reasons why oral argument may provide assistance to the court."  LR 7.1(d).  No such statement was provided here.  Therefore, no hearing was held.

---

[1] Dorceant filed a motion pro se, and then counsel was appointed to represent him, for purposes of seeking relief under § 3582(c)(1)(A), and counsel filed a supplemental motion.
    Although Dorceant reversed his name to "Dorceant Luckenson" in his motion, his appointed counsel uses the name Luckenson Dorceant, which is the name used during the criminal proceedings.  The court, therefore, will use Luckenson Dorceant.

Standard of Review

The Director of the BOP may bring a motion on behalf of a defendant to reduce the term of the defendant's imprisonment. § 3582(c)(1)(A). If the Director does not file such a motion on behalf of a defendant, the defendant may file a motion on his or her own behalf in certain circumstances. The defendant must have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or, thirty days must have passed since the warden at the defendant's facility received the defendant's request without a response. Id.

When a defendant has satisfied the administrative exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors provided in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). The statute also directs consideration of whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

The applicable policy statement is United States Sentencing Guidelines § 1B1.13. That guidance provides that a defendant's term of imprisonment may be reduced if extraordinary and compelling reasons warrant the reduction or the defendant meets

the age and time-served requirements and the defendant is not "a danger to the safety of any other person or to the community" and the reduction is consistent with the policy statement.  See United States v. Jones, 2020 WL 6205783, at *2 (D. Mass. Oct. 22, 2020). Application Note 1 to U.S.S.G. § 1B1.13 provides additional guidance as to when an extraordinary and compelling reason to reduce a defendant's sentence may exist.  Those reasons include medical conditions, age, family circumstances, and extraordinary and compelling reasons "other than, or in combination with, the reasons described."  BOP Program Statement 5050.50 also provides guidance as to when post-sentencing developments, medical conditions, age, and family circumstances support a motion for sentence reduction under § 3582(c)(1)(A).   Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), www.bop.gov/policy/progstat/5050_050_EN.pdf.

## Background

Dorceant was found guilty by a jury of conspiring with others to possess with the intent to distribute more than 500 grams of cocaine and conspiring to import more than 500 grams of cocaine, which resulted in the death of another person.  He was sentenced to a term of 360 months of incarceration on each count, to be served concurrently, with four years of supervised

release. He has now served 127 months or approximately 35.3% of his full sentence. His projected release date is January 10, 2036.

Dorceant is a permanent legal resident of the United States. The probation officer reports that Immigration and Customs Enforcement ("ICE") has a detainer against him and that at the end of his incarceration, Dorceant will likely be released to the custody of ICE for deportation to the Dominican Republic.[2] In addition, Dorceant has pending charges against him from Miami-Dade County Court (Florida) for kidnapping and battery.

Dorceant's crimes in this case involved a drug smuggling operation in which Dorceant and others recruited women in Puerto Rico to transport cocaine for them. The women were required to travel to the Dominican Republic where they swallowed "eggs" or "fingers" of cocaine and then flew to Boston, Massachusetts, transporting the cocaine internally. There, the women were taken to a motel in Salem, New Hampshire, where the eggs or fingers of cocaine were expelled through the use of laxatives. One woman died of acute cocaine intoxication during that process, having ingested at least forty-three fingers of cocaine.

---

[2] The government states in its objection that Dorceant is a native of Haiti and will likely be deported to Haiti by ICE.

4

In November of 2014, Dorceant applied for a reduction in his sentence based on an amendment to the United States Sentencing Guidelines ("U.S.S.G."), Amendment 782. Amendment 782 reduced the base offense levels assigned to drug quantity tables in U.S.S.G. §§ 2D1.1 and 2D1.11. Dorceant's offense level, however, was not based on the drug quantity tables. Instead, his offense level was based on the offense level applicable to drug offenses that result in death under § 2D1.1(a)(2). Therefore, the motion was denied.

Dorceant is forty-nine years old and has hypertension, along with a list of other medical and health conditions. Dr. Gavin Muir, Chief Medical Officer of Amoskeag Health, in Manchester, New Hampshire, reviewed Dorceant's medical records and provided an opinion that Dorceant's hypertension could put him at higher risk if he contracted COVID-19. Dr. Muir wrote that the other conditions did not raise Dorceant's risk.

In addition to hypertension, Dorceant lists "reflex sympathetic dystrophy" of his leg. His leg condition is a regional pain syndrome that develops after an injury with pain that is out of proportion to the actual injury. Dorceant injured his foot in 2002, and apparently the regional pain syndrome developed from that injury. When the presentence investigation report in his case was filed in March of 2011, Dorceant used a crutch to walk. He now uses a wheelchair.

Dorceant also identifies a medical condition of idiopathic peripheral neuropathy, which Dorceant describes as debilitating and incurable.  Dorceant declined an MRI in June of 2020 to further assess his neuropathy condition.  Dorceant also has an immune deficiency, which Dr. Muir concluded was not sufficiently documented to show a diagnosis or an acute condition.

Dorceant is now incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto").  The Bureau of Prisons ("BPO") reports that there are currently seven active cases of COVID-19 among its staff but no cases among inmates.  https://www.bop.gov/coronavirus/ (October 20, 2020).  FCI Loretto is using the BOP's modified operations in response to the COVID-19 pandemic that includes quarantining, screening, limited group gatherings, limited movement of inmates within the facility, and restrictions on access by contractors and visitors.  All inmates and staff have been issued masks.  Social visits are limited to non-contact visits.[3]

During his ten years of incarceration, Dorceant has had multiple disciplinary reports.[4]  Those include many incidents of

---

[3] Dorceant's sisters, Kathy Dorceant and Geraldina Turlington-Santana, and his father, Philneus Dorceant, submitted letters in support of his motion.

[4] Dorceant has brought at least two pro se lawsuits challenging disciplinary matters.  Dorceant v. Purdue, Civil Action No. 17-cv-169 (M.D. Pa. April 10, 2019) (denying petition for writ of habeas corpus that challenged disciplinary

refusing to obey an order and being insolent to officers, stealing food, tampering with a security device, and possessing gambling paraphernalia. Because of his disciplinary reports, Dorceant has lost privileges and good time credit and has been placed in disciplinary segregation.

On April 4, 2019, Dorceant sent a document to the court titled "Affidavit of Truth Legal Notice" that was docketed as a new case, 19-mc-12-LM.[5] After further consideration, it appeared that Dorceant did not intend to begin a new action but deposited the document with the court in anticipation of other litigation in the future. Dorceant further represented that the document was part of a private matter between him and the prosecutor in his criminal case. The case was terminated.

Dorceant applied to the Warden at FCI Loretto for a motion for sentence reduction. The Warden denied his request.

---

proceedings at FCI Lompoc); Dorceant v. Fox, Civil Action No. 17-cv-150 (M.D. Pa. Feb. 6, 2017) (denying petition for a writ of habeas corpus challenging another disciplinary proceeding at FCI Lompoc).

[5] The affidavit appears to attempt to show that Title 18 of the United States Code was not properly adopted or is otherwise unenforceable and argues that Dorceant's incarceration is unlawful. He accuses the prosecutor in this case of a variety of misdeeds and argues that this case should be dismissed.

## Discussion

Dorceant seeks a reduction of his sentence on the ground that his medical conditions pose an increased risk if he were to contract COVID-19. He also argues that the sentencing factors in § 3553(a) support his motion. The government opposes the motion on the ground that the § 3553(a) factors do not support a reduction in Dorceant's sentence.

### A. Administrative Exhaustion and Extraordinary and Compelling Reason to Reduce Sentence

The government does not dispute that some of Dorceant's medical conditions could cause an increased risk if he were to contract COVID-19, which provides an extraordinary and compelling reason in support of his motion. The government also does not dispute that Dorceant exhausted administrative remedies. Therefore, those matters need not be addressed further.

### B. Sentencing Factors

Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2), and lists factors for determining an appropriate sentence. The first two factors

are particularly pertinent for purposes of this motion.[6] The first factor directs the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). The second factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered all of the § 3553(a) factors when Dorceant was sentenced to 360 months in prison, which was an appropriate sentence for his extremely serious crimes. The only intervening significant change is the COVID-19 pandemic. Although Dorceant may be at increased risk if he were to contract COVID-19, the risk is currently low and managed at FCI Loretto, where Dorceant is incarcerated. Therefore, the COVID-19 pandemic does not weigh in favor of a reduced sentence.

---

[6] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to avoid unwarranted sentence disparities;" and the seventh factor directs courts to consider the defendant's restitution obligations.

Dorceant argues that the sentencing factors support a reduction in his sentence. Dorceant's record does not support his argument.

Although he did not have criminal history points when he was sentenced, his presentence investigation report noted, based on the reports of others in the conspiracy, that he had engaged in the same drug smuggling activities before the operation for which he was arrested and charged. The probation officer reports for purposes of the present motion that Dorceant had been arrested at least a dozen times for driving offenses and battery offenses. His prison disciplinary record is significant and ongoing.

Dorceant's crimes of conviction involved large quantities of drugs smuggled into the United States from the Dominican Republic. Those crimes resulted in the death of one of the women recruited to transport the drugs. Dorceant was an organizer or leader of the criminal activity that included more than five other people. His sentencing range was 360 months to life, and his sentence was at the lowest end of that range.

Another sentencing consideration is that if Dorceant's sentence were reduced, he likely would be released to the custody of ICE for deportation.[7] As a result, he likely would

---

[7] Probation reports that Dorceant also has outstanding criminal charges against him in Florida.

remain incarcerated pending deportation.  He has not shown that a reduction in his sentence would allow him to live in a place with less risk of exposure to COVID-19 than he may have at FCI Loretto.[8]

For the reasons discussed, the § 3553(a) sentencing factors weigh heavily against reducing Dorceant's sentence under § 3582(c)(1)(A).  Although Dorceant has shown an increased risk if he were to contract COVID-19 in prison, he has not shown that the circumstances at FCI Loretto put him at increased risk as opposed to the circumstances that would exist if his sentence were reduced.  Therefore, Dorceant has not shown that he is entitled to a reduction in his sentence under § 3582(c)(1)(A).

## Conclusion

For the foregoing reasons, the defendant's motions for reduction of his sentence (documents nos. 132 and 137) are denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

November 2, 2020
cc:  Counsel of record.

---

[8] For example, if Dorceant were held in ICE custody in New Hampshire, he likely would be housed at the Strafford County House of Corrections.  If he were held in Pennsylvania, he likely would be in one of three correctional facilities there.